# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

DEWAYNE MIDDLETON                          CIVIL ACTION NO. 07-0706
LA. DOC. #116831

VS.                                                           SECTION P

                                                              JUDGE JAMES
WARDEN BURL CAIN                            MAGISTRATE JUDGE HAYES

<u>REPORT AND RECOMMENDATION</u>

Before the Court is a petition for writ of  *habeas corpus* (28 U.S.C. §2254) filed by *pro se*

petitioner Dewayne Middleton on April 16, 2007.  Petitioner is an inmate in the custody of

Louisiana's Department of Public Safety and Corrections; he is incarcerated at the Louisiana

State Penitentiary, Angola, where he is serving two life sentences plus forty years imposed

following his 1987 conviction for aggravated rape, aggravated kidnaping, and first degree

robbery in the Fourth Judicial District Court, Ouachita Parish.

This matter has been referred to the undersigned for review, report, and recommendation

in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the

following reasons it is recommended that the petition be **DENIED** and **DISMISSED**

**WITHOUT PREJUDICE.**

### *Statement of the Case*

Petitioner previously attacked his 1987 convictions in this court in a petition for writ of

*habeas corpus* filed on June 30, 2000, in the matter entitled *Dewayne Middleton v. Warden*, No.

3:00-cv-01577.  In his original petition he argued six claims for relief: (1) unconstitutional

selection of the grand jury foreperson; (2) invalid indictments; (3) ineffective assistance of

counsel; (4) erroneously withheld impeachment testimony; (5) insufficiency of the evidence; and

(6) failure of an appellate court judge to recuse himself on review of an application for post-

conviction relief.  On August 22, 2000, United States Magistrate Judge James D. Kirk

recommended dismissal with prejudice because he concluded that the petition was time-barred

by the provisions 28 U.S.C. §2244(d). *Dewayne Middleton v. Warden*, No. 3:00-cv-01577 at doc.

4.[1]  On September 22, 2000, United States District Judge Robert G. James conducted an

independent review of the entire record, including petitioner's objections, concurred with the

Magistrate Judge's findings, and ordered dismissal with prejudice. [*id*. at doc. 6]

Petitioner filed the instant petition for writ of *habeas corpus* on April 16, 2007, raising

five claims: (1) racial discrimination in the selection of grand jury members [doc. 1-1, p. 4];

(2) La. C.Cr.P. art. 413(B) was unconstitutional as written and applied [*id*., p. 7]; (3) the

indictment failed to allege an offense [*id*., p. 8]; (4) insufficient evidence [*id*., p. 12]; and,

(5) ineffective assistance of counsel [*id*., p. 20].

Petitioner did not inform the court that he had previously filed a petition for writ of

*habeas corpus* in this court. [see doc. 1-1; doc. 3, paragraph 9]

### *Law and Analysis*

Prior to the effective date of the AEDPA, the United States District Courts exercised a

screening function and were authorized to dismiss successive *habeas corpus* petitions pursuant to

---

[1] Magistrate Judge Kirk also determined that two of petitioner's *habeas* claims (unconstitutional grand jury foreperson selection process and insufficiency of the evidence)  were not fairly presented to the Louisiana Supreme Court and were thus unexhausted rendering the petition a "mixed petition" subject to dismissal. *Dewayne Middleton v. Warden*, No. 3:00-cv-01577 at doc. 4, pp. 3-4. Petitioner timely objected to the Report and Recommendation and withdrew his unexhausted claims. *Id.* at doc. 5.

Rule 9(b) which provided, "A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits, or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ."  The AEDPA amended and enacted 28 U.S.C. § 2244(b)(ii)(3)(A) to transfer this function to the appropriate United States Circuit Court of Appeals.  That statute now provides, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

Petitioner attacks the same conviction he previously attacked in the petition under Docket Number 3:00-cv-1577.  That petition was dismissed as time-barred.  The issue, therefore, is whether the instant petition is a "second or successive" petition under 28 U.S.C. § 2244 and thus subject to the screening provisions of 28 U.S.C. § 2244(b)(ii)(3)(A).

The AEDPA does not define what constitutes a "second or successive" petition. However, decisions of the Fifth Circuit Court of Appeals suggest that a prisoner's subsequent *habeas* petition is not second or successive simply because it follows an earlier federal petition. *In Re Cain*, 137 F.3d 234, 235 (5th Cir.1998).  The Fifth Circuit has simplified the inquiry, having determined that "an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 774 fn. 7 (5th Cir.1999) citing *Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996). Thus, the Fifth Circuit's suggested focus of inquiry is whether in the prior petition,

the petitioner received an adjudication on the merits of his claims.

Petitioner's prior petition was denied and dismissed by this court as time-barred. Although a dismissal based upon the statute of limitation does not include an examination of the merits of the underlying substantive claims presented in the petition, such a dismissal is considered an adjudication of the merits for purposes of determining whether a subsequent petition is successive under the AEDPA. See *Villanueva v. United States*, 346 F.3d 55, 61 (2nd Cir.2003); *Murray v. Greiner*, 394 F.3d 78, 81 (2 nd Cir.2005); *Guyton v. United States*, 23 Fed. Appx. 539, 540 (7th Cir.2001) (dismissal of a *habeas* petition "because the district court determined, albeit erroneously, that it was not filed within the applicable statute of limitations ... operates to dispose of the case on the merits as much as an erroneous finding that a petitioner had failed to state an element of a claim."); *Gray v. Dretke*, 2005 WL 1768750, *2 (S.D.Tex.2005); *Cate v. Ayers*, 2001 WL 1729214, at *3-4 (E.D.Cal.2001) (stating that "[t]he law is clear that a dismissal on statute of limitations grounds ... operates as a final judgment on the merits," thus, holding that a petition for federal *habeas corpus* relief was successive within the meaning of section 2244(b) because the petitioner previously had filed a federal petition that was dismissed as untimely); *United States v. Casas*, 2001 WL 1002511, at *2 (N.D.Ill.2001) (holding that the dismissal of a prior federal petition under the statute of limitation is "akin to a dismissal on the merits, and thus bars a subsequent petition" unless authorized by the court of appeals); *Reyes v. Vaughn*, 276 F.Supp.2d 1027, 1029 (C.D.Cal.2003) (holding that a previous dismissal based on the statute of limitations "is considered an adjudication of the merits for purposes of determining whether a subsequent petition is successive under AEDPA."); *United States v. Harris*, 2002 WL 31859440, *3 (E.D.Pa.2002) ("the term 'second or successive petition'... whose post-AEDPA

Page -4-

meaning by necessity includes *habeas* petitions by defendants whose initial petitions were

dismissed on statute of limitations grounds."). See also *Plaut v. Spendthrift Farm*, 514 U.S. 211,

228, 115 S.Ct. 1447, 1457, 131 L.Ed.2d 328 (1995) citing *United States v. Oppenheimer*, 242

U.S. 85, 87-88, 37 S.Ct. 68, 61 L.Ed. 161 (1916) ("The rules of finality, both statutory and judge

made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for

failure to state a claim, for failure to prove substantive liability, or for failure to prosecute: as a

judgment on the merits."); *Mathis v. Laird*, 457 F.2d 926, 927 (5th Cir.), *cert. denied*, 409 U.S.

871, 93 S.Ct. 201, 34 L.Ed.2d 122 (1972) ("A ruling based on the statute of limitations is a

decision on the merits for *res judicata* purposes."); *In re Marino*, 181 F.3d 1142, 1144 (9th

Cir.1999) (same); *Anders v. Cockrell*, 2003 WL 102615 at *2,  (N.D. Tex. 2003) ("A dismissal

on statute of limitations grounds is tantamount to a merits ruling.")  Hence, the instant petition is

unquestionably second and successive.[2]

Before this petition may be considered by this court, therefore, petitioner is required to

obtain authorization to file this second or successive petition from the Fifth Circuit in accordance

with 28 U.S .C. § 2244(b)(3)(A) which provides in part, "[b]efore a second or successive

application permitted by this section [§ 2254] is filed in the district court, the applicant shall

move in the appropriate court of appeals for an order authorizing the district court to consider the

application." The record does not show that petitioner has received such authorization. Until such

time as petitioner obtains said authorization, this court is without jurisdiction to proceed.. *Hooker*

*v. Sivley*, 187 F.3d 680, 682 (5th Cir.1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir

---

[2] Judge James's Judgment did not unambiguously state that dismissal was based on Magistrate Judge Kirk's time-bar analysis. However, that can be the only rational conclusion in light of the petitioner's Objection in which he indicated his desire to withdraw the claims which had been previously identified as unexhausted.

.2000); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir.2003).

The court is not required to transfer this second and successive *habeas* petition to the Fifth Circuit for a determination whether petitioner should be allowed to proceed. Although some district courts have taken this route, it is not mandatory. In *In Re Epps*, 127 F.3d 364 (5th Cir.1997) the Fifth Circuit addressed the appropriate procedure to be used when a district court determines that transfer of a successive *habeas* corpus petition to the circuit court is appropriate. The *Epps* opinion does not contain a directive to the district courts to transfer successive *habeas corpus* petitions to it, although utilization of this procedure may be appropriate in some cases. Rather, the opinion merely adopts a procedure to be used when a successive petition filed without prior authorization is transferred to that court. *id.*

In the instant case, petitioner fails to show that he has made any attempt to obtain authorization for the instant petition. To the contrary, rather than follow the procedural prerequisites to filing in this court, petitioner instead attempted to circumvent those procedures by filing his second federal *habeas corpus* petition in this court. Further, petitioner attempted to mislead the court when he failed to admit in his pleadings that he had previously sought habeas relief in this court. Accordingly, the undersigned concludes that the appropriate action for this court to take is to dismiss this action due to petitioner's failure to obtain proper authorization from the United States Fifth Circuit Court of Appeals.

Accordingly;

**IT IS RECOMMENDED** that the petition for writ of *habeas corpus* be **DISMISSED WITHOUT PREJUDICE**  because it constitutes a second and successive *habeas corpus* petition within the meaning of 28 U .S.C. § 2244(b) filed without prior authorization of the

United States Fifth Circuit Court of Appeals.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

In Chambers, Monroe, Louisiana, this 20th day of June, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE