

RECEIVED
IN MONROE, LA
JUL 19 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| DEWAYNE MIDDLETON<br>LA. DOC. #116831 | CIVIL ACTION NO. 07-0706 |
| VERSUS | JUDGE ROBERT G. JAMES |
| WARDEN BURL CAIN | MAG. JUDGE KAREN L. HAYES |

### RULING

Before the Court is a petition for writ of habeas corpus (28 U.S.C. §2254) filed by pro se Petitioner Dewayne Middleton on April 16, 2007. On June 20, 2007, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 6] in which she concluded that Petitioner's instant petition for writ of habeas corpus should be denied and dismissed without prejudice because it constitutes a second and successive habeas corpus petition within the meaning of 28 U.S.C. § 2244(b), and it was filed without prior authorization of the United States Fifth Circuit Court of Appeals.

The Court agrees with and adopts the analysis contained in Magistrate Judge Hayes' Report and Recommendation, but issues this Ruling to make one clarification. Footnote 1 of the Report and Recommendation states as follows:

> [In Petitioner's first petition,] Magistrate Judge Kirk also determined that two of petitioner's habeas claims (unconstitutional grand jury foreperson selection process and insufficiency of the evidence) were not fairly presented to the Louisiana Supreme Court and were thus unexhausted rendering the petition a "mixed petition" subject to dismissal. Dewayne Middleton v. Warden, No. 3:00-cv-01577 at doc. 4, pp. 3-4. Petitioner timely objected to the Report and Recommendation **and withdrew his unexhausted claims.** Id. at doc. 5.

[Doc. No. 6, p.2, n.1] (emphasis added).

While it is true that Petitioner filed an objection to Magistrate Judge James D. Kirk's Report and Recommendation on his first petition for writ of habeas corpus and asked to "delete" his unexhausted claims, there is no Court order allowing him to do so. Rather, on September 22, 2000, the Court ordered dismissal with prejudice on the basis that the first petition was untimely filed.

The Court finds that this one clarification does not affect its overall analysis of the case and agrees with Magistrate Judge Hayes that Petitioner's petition should be dismissed as second and successive.

MONROE, LOUISIANA, this 18 day of July, 2007.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE